Robert W. Henry, Clayton, for defendant-appellant.

Bartley, Goffstein, Marshall & Bollato, Marvin G. Marshall, Jerome A. Diekemper, St. Louis, for plaintiff-respondent.

**Jean E. LORENZ, Plaintiff-Respondent,**

v.

**MOUND CITY YELLOW CAB COMPANY, Defendant-Appellant.**

**No. 34430.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 8, 1973.

DOWD, Chief Judge.

An intersectional collision case. From a verdict and judgment for plaintiff in the amount of $5,000, defendant appeals.

Defendant's only contention on appeal is that the trial court erred in failing to direct a verdict for defendant for the reason that plaintiff was contributorily negligent as a matter of law. Defendant contends reasonable minds would not differ that plaintiff was contributorily negligent in failing to see defendant's cab when it was clearly visible or in failing to keep a careful lookout.

Due to the narrow issue before us, we do not feel it necessary to set forth an involved factual statement. We will, however, refer to the evidence necessary to develop this opinion in the course of our discussion.

The case of Bracken v. Koch, 404 S.W. 2d 201 (Mo.App.1966), provides a concise statement of the problem confronting us here. This Court stated at page 204:

"But to find that the plaintiff was guilty of negligence as a matter of law is not to conclude the matter of contributory negligence. The problem of causation still remains. The very words—contributory negligence—connote that a plaintiff's negligence caused or contributed to cause his own injury.

"Whether the question is one of submissible case based on negligence or one of a defence based upon contributory negligence, the burden rests upon the proponent to show the relationship between the negligence and the injury suffered. Deviation by a defendant from the prescribed standard of care does not alone make out a case for a plaintiff; nor does a plaintiff's failure to conform to that standard alone establish a defence for a defendant. To accomplish either result the causal connection must be shown. The proposition is so obvious that it is not necessary to pile precedent upon precedent to demonstrate its truth. * * *"

We will assume, arguendo, that the evidence is sufficient to establish that plaintiff was negligent as matter of law and proceed to discuss the matter of causation.

The evidence here showed that the automobile being driven east on Federer Avenue in the City of St. Louis by plaintiff was struck by the defendant's cab traveling north on Ray Avenue. The intersection of Ray and Federer is not controlled by a regulatory sign or signal. The plaintiff and the two ladies who were riding in her automobile testified at the trial giving essentially the same accounts as to plaintiff's speed and actions prior to her entering this intersection. While the two passengers testified that they saw defendant's cab only a few seconds prior to impact and estimated its speed in excess of 50 m. p. h. (plaintiff testified that she did not see defendant's cab prior to the impact), the credibility of this testimony is diminished by its conflict with the testimony in their depositions.

The driver of defendant's cab testified as the only witness for the defense. He stated that the first time he saw plaintiff's automobile was when it was in the intersection and his cab was just beginning to enter the intersection. The defense presented no evidence of the positions of the automobiles when they would have been through prudent observation, intervisible. Nor was any evidence presented as to the stopping distance of plaintiff's automobile at the time when she may have been able to see defendant's cab or the cab's position at that time. There is no evidence as to any manner in which the plaintiff could have avoided the collision under the existing circumstances had she seen defendant's cab when defendant alleged she should have seen it. In addition, we find no evidence in the plaintiff's case to aid this deficiency.

We are thus faced with the insurmountable problem of an insufficiency of evidence, which problem is not susceptible of solution in defendant's favor. *Bracken, supra,* points out the need for this evidence in order to determine if a plaintiff's alleged negligence was a causal factor of the collision.

While our case deals with contributory negligence as a matter of law, it is clear that the cases dealing with the sufficiency of evidence to support a contributory negligence instruction are so closely related to the issue here that they provide much insight into its determination. These cases preclude any doubt that evidence of the time of intervisibility, the positions of the automobiles at that time, the possible stopping distances of the automobiles, and the opportunity to avoid the accident by non-negligent behavior are indispensible to show the causal connection necessary for this plaintiff to be found contributorily negligent as a matter of law. See, Heberer v. Duncan, 449 S.W.2d 561 (Mo.banc 1970); Zalle v. Underwood, 372 S.W.2d 98 (Mo. 1963); Janicke v. Hough, 400 S.W.2d 645 (Mo.App.1966).

We hold that defendant has completely failed to sustain his burden of proving any causal connection between the alleged act of negligence on the part of plaintiff and the collision between her automobile and defendant's cab. Without such proof, it was incumbent on the trial court to refuse to direct the verdict for de-

fendant. We need not, therefore, discuss whether the act of this plaintiff as to look-out would have constituted negligence as a matter of law.

The judgment is affirmed.

McMILLIAN, J., dissents.

CLEMENS, J., concurs.